FRANCOIS G. LAUGIER (SBN 145949)
TAHEREH MAHMOUDIAN (SBN 217120)
RICHARD A. SCHAEFER (SBN 344916)
**ROPERS MAJESKI PC**
801 South Figueroa Street, Suite 2100
Los Angeles, California 90017
Telephone:  (213) 312-2000
Facsimile:  (213) 312-2001
Email:  francois.laugier@ropers.com
Email:  tahereh.mahmoudian@ropers.com
Email:  richard.schaefer@ropers.com

Attorneys for Plaintiff CHÂTEAU LA COSTE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHÂTEAU LA COSTE,<br><br>            Plaintiff,<br><br>    v.<br><br>FOX BEVERAGES USA INC;<br>AMERICAN SPIRITS EXCHANGE LTD; PATRICK FOX and DOES 1 to 20, Inclusive,<br><br>            Defendants. | **CASE NO.** 2:23-cv-02053<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) Breach of Written Contract – Invoices**<br><br>**(2) Unjust Enrichment**<br><br>**(3) Unfair Competition**<br><br>**(4) Claim and Delivery**<br><br>**(5) Breach of Implied Covenant of Good Faith and Fair Dealing**<br><br>**(5) Open Book Account**<br><br>**(6) Account Stated**<br><br>**(7) Declaratory Relief** |

Plaintiff CHÂTEAU LA COSTE, a foreign corporation incorporated in the Country of France, brings causes of action against defendants FOX BEVERGES USA INC. a California corporation, AMERICAN SPIRITS EXCHANGE LTD and DOES 1 through 20, inclusive, as follows:

/ / /

4890-6771-2080.2

**COMPLAINT FOR DAMAGES**

## THE PARTIES

1. Plaintiff CHÂTEAU LA COSTE (hereinafter referred to as "Plaintiff" or "Chateâu") is now, and at all relevant times mentioned in this Complaint was, a company formed in the Country of France.

2. Defendant FOX BEVERAGES USA INC. (hereinafter referred to as "Fox Beverages") is now, and at all relevant times mentioned in this Complaint was, a corporation incorporated in the State of California and authorized to do business, and doing business under the laws of the State of California. The principal place of business of Fox Beverages is located in County of Los Angeles, in the State of California.

3. Defendant Patrick Fox is an individual residing in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that Patrick Fox is domiciled in the State of California.

4. Defendant AMERICA SPIRITS EXCHANGE LTD (hereinafter referred to as "American Spirits") is now, and at all relevant times mentioned in this Complaint was, a company formed in the State of Pennsylvania with its principal place of business in Bridgeport, Pennsylvania. American Spirit's West Coast Office is located in the City of Burbank, County of Los Angeles. American Spirits is authorized to do business and doing business under the laws of the State of California. Defendants Fox Beverages, Patrick Fox and American Spirits shall also collectively be referred to as "Defendants". Plaintiff and Defendants shall collectively be referred to as the "parties".

5. Plaintiff is informed and believes and thereon alleges that Patrick Fox is, and at all times herein mentioned was, the alter-ego of Fox Beverages, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Patrick Fox and Fox Beverages such that any separateness has ceased to exist, in that Patrick Fox uses Fox Beverages' assets for personal use, caused assets of Fox Beverages to be transferred to himself without adequate

consideration, and withdrew funds from Fox Beverages for personal use.

6. Fox Beverages is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Patrick Fox carried on his individual business in the corporate name to the detriment of Plaintiff, exercising control and dominance of such business to such an extent that any individuality or separateness of Fox Beverages does not, and all times herein mentioned did not, exist.

7. Adherence to the fiction of the separate existence of Fox Beverages as an entity distinct from Patrick Fox would permit abuse of the corporate privilege and would sanction fraud and perpetuate injustice.

8. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege true names and capacities when ascertained. Plaintiff is informed and believes and based upon that information and belief alleges that each of the fictitiously named defendants is indebted to Plaintiff as alleged in this Complaint, and that Plaintiff's rights against the fictitiously named defendants arise from this indebtedness. Defendant DOES 1 through 20, and each of them, were responsible for defendant Fox Beverages' breach of written agreements (purchase orders and invoices). Defendant DOES 1 through 20, and each of them, have been unjustly enriched as a result of their actions and omissions at the expense of Plaintiff.

9. DOE defendants do not defeat diversity jurisdiction because pursuant to California Code of Civil Procedure § 474, California permits Doe pleading to extend the statute of limitations, and where a federal court sits in diversity, it must adopt state substantive law. Congress amended § 1441(b) to provide that "the citizenship of defendants sued under fictitious names shall be disregarded" in determining removability of civil actions. *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 426, fn. 10 (1st Cir. 2007). Plaintiff requests this Court to re-

examine whether there is complete diversity at the time a defendant is substituted for a Doe later in the case. *Gardiner Family, LLC v. Crimson Resource Mgmt. Corp.* 147 F.Supp.3d 1029, 1035 (ED CA 2015) [plaintiff's use of fictional defendants does not destroy diversity and does not divest district court of jurisdiction].

10. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the defendants was the agents of each of the remaining defendants and was acting within the course and scope of such agency, and each defendant has ratified and approved the acts of its/his/her agents.

## VENUE AND JURISDICTION

11. This Court has subject matter federal diversity jurisdiction over all claims pursuant to 28 U.S.C. § 1332 because of complete diversity of citizenship as Plaintiff is a company which is a citizen of the country of France, defendant Fox Beverages and Patrick Fox are citizens of the State of California and defendant American Spirits is a citizen of the state of Pennsylvania. The amount of controversy, exclusive of interests and costs, is at least $350,000 that far exceeds the sum or value of $75,000.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that Defendants are subject to personal jurisdiction in this district as defendant Fox Beverages' principal place of business is located in the County of Los Angeles, defendant Patrick Fox resides in the County of Los Angeles and defendant American Spirit's West Coast Office is located in the City of Burbank, County of Los Angeles. Further, a substantial part of the events giving rise to this action occurred in this district.

## GENERAL ALLEGATIONS

13. Plaintiff Château is, and at all time in a company formed in the Country of France with commercial offices in France.

14. Plaintiff Château exports wine to many different countries, including

the United States of America through use of importers and distributors.

15. Fox Beverages has been an importer and/or distributor of Plaintiff's wine since year 2019 for sale of the Plaintiff's wine in the United States of America.

16. Plaintiff is informed and believes and upon that information and belief alleges that Fox Beverages has been using American Spirits for its accounting, billing, and distribution even though the exact nature of the business relationship between Fox Beverages and American Spirits is currently not entirely known to Plaintiff.

17. Plaintiff's and Defendants' business relationship first began in or about April 2019. The business relationship is governed by Fox Beverages and/or American Spirits' purchase orders placed for various quantities of a variety of Plaintiff's wines ("Purchase Orders") and Plaintiff's invoices corresponding to the Purchase Orders ("Invoices") for wines shipped by Plaintiff to American Spirits (care of Fox Beverages) and/or Fox Beverages to fulfill the Purchase Orders.

18. Each invoice corresponding to each purchase order includes a provision requiring that payment be made no later than 60 days from the receipt of the wine by Defendants.

19. Throughout the parties' business relationship, Plaintiff fulfilled American Spirits and/or Fox Beverages' Purchase Orders and shipped the wines in accordance with Fox Beverages' instructions to American Spirits or any other company/location specified by Fox Beverages.

20. Beginning in or about June 11th 2019, Defendants did not make, and have not been making, full payments on the Invoices for the completed Purchase Orders that Plaintiff fulfilled. As a result, currently, Defendants owe Plaintiff the sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars**.)

21. On information and belief, American Spirits is in possession of proceeds from the sale of Plaintiff's wines that Plaintiff shipped to American Spirits

but the sale proceeds have not been paid to Plaintiff in accordance with the Invoices.

22. On information and belief, Defendants have sold and continue to sell Plaintiff's wine at a discounted price without Plaintiff's permission.

23. On information and belief, Defendants have sold and continue to sell Plaintiff's wine that Fox Beverages previously informed Plaintiff was destroyed in or around November 2022.

24. On information and belief, American Spirits and Fox Beverages are in possession of various quantities of Plaintiff's wine which have not yet been sold.

25. Defendants owe Plaintiff the sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars)** for payments related to Purchase Orders that Plaintiff fulfilled in accordance with Defendant's purchase orders through **July 28th, 2022** and for which Invoices were issued to Defendants. These payments were due between **June 11th 2019** and the date of filing of this Complaint and are evidenced by a series of invoices a list of which is attached to this complaint as Exhibit "A" and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF

### (Breach of Written Contracts – Purchase Orders and Invoices)

26. Plaintiff repeats, realleges and incorporates paragraphs 1 through 25 as though fully set herein.

27. Pursuant to written Invoices (contracts), Château provided Defendants with Château's various wine products for which payments were due between June 11, 2019 and the date of filing of this Complaint.

28. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Purchase Orders and Invoices, except those excused by Defendants' non-performance of their obligations. All conditions required for Defendants' performance have occurred.

29. Defendants have failed to pay for the wine products they received and Chateâu has been harmed by Defendants' lack of performance in an amount of **590,114.00 Euros** (approximately **630,684 U.S. Dollars**). This amount is evidenced by the Invoices listed on Exhibit "A".

30. Plaintiff has repeatedly requested that Defendants perform their obligations under the Invoices and pay for various wine products furnished and delivered by Plaintiff to American Spirits and/or Fox Beverages at Fox Beverage's special instance and request.

31. Defendants have breached the contracts by failure to pay for the wine products that Plaintiff delivered at Defendants' special instance and request.

32. As a result of Defendants' breach, Plaintiff suffered damages in an amount to be determined at trial but not less **590,114.00 Euros** (approximately **630,684 U.S. Dollars).**

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

33. Plaintiff repeats, realleges and incorporates paragraphs 1 through 32 as though fully set herein.

34. Plaintiff is informed and believes, and on that basis, alleges that Defendants have improperly withheld payments and/or have improperly delayed payments due Plaintiff pursuant to the Invoices for the fulfilled Purchase Orders.

35. As a result of Defendants' wrongful conduct, Defendants have been unjustly enriched at the expense of Plaintiff and have unjustly retained the benefits of their wrongful conduct.

36. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages in an amount to be determined at trial but not less than the sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars)** plus pre-judgment interest.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

37. Plaintiff repeats, realleges and incorporates paragraphs 1 through 36 as though fully set herein.

38. Each of the Defendants have engaged in wrongful business acts and practices by their unfair competitive practices ("Unfair Business Activity") which includes, but is not limited to: selling Plaintiff's wine at Plaintiff's expense that Fox Beverages previously informed Plaintiff was destroyed in or around November 2022; improperly withholding payments due to Plaintiff pursuant to the Invoices for the fulfilled Purchase Orders; and selling Plaintiff's wine at Plaintiff's expense at a discounted price without Plaintiff's permission and therefore unfairly competing with Plaintiff's new distributor and causing customer confusion for having Plaintiff wine sold at a lower price than Plaintiff requires.

39. The Unfair Business Activity was unfair and unlawful as it as it offended established public policy embedded in case law, and was immoral, unethical, oppressive, and unscrupulous.

40. Pursuant to California *Business & Professions Code* Section 17200, et seq, Plaintiff is entitled to full restitution of its damages to be determined at trial, plus additional damages to the Plaintiff's business which will be established according to proof at trial.

41. Pursuant to California *Business & Professions Code* Section 17200 et seq., Plaintiffs are entitled to a temporary, and preliminary injunction precluding the Defendants and each of them from conducting any business in the State of California until they cease such unfair business and competitive practices and make restitution.

/ / /

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

### (Claim and Delivery)

42. Plaintiff repeats, realleges and incorporates paragraphs 1 through 41 as though fully set herein.

43. Plaintiff is informed and believes and thereon alleges that Defendants are in possession of various quantities of Plaintiff's wine that they have not paid for and has not yet been sold.

44. Prior to the filing of this lawsuit, Plaintiff has made several demands upon Defendants for the return of said wines to Plaintiff. However, Defendants have failed and refused to reply to said demands. As a consequence thereof, said wines are wrongfully retained by Defendants.

45. By virtue of the aforementioned default on payment and wrongful possession of Plaintiff's wine by Defendants, Plaintiff is entitled to and demands immediate possession of the said wine as provided by statute by the provisional remedy of Claim and Delivery, as codified at Code of Civil Procedure Section 511.010, et seq., which provides for a writ of possession at any time after the filing of complaint at CCP Sec. 512.010(a).

46. Further, Plaintiff is entitled to have this Court mandate that Defendants disclose the location(s), condition and quantities of the Plaintiff's wine and enter a preliminary injunction restraining Defendants from injuring, depleting, or wasting Plaintiff's wine while in Defendants' possession and from offering them for sale to innocent third parties.

## FIFTH CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

47. Plaintiff repeats, realleges and incorporates paragraphs 1 through 46 as though fully set herein.

48. Implied into each of the contracts was an implied covenant of good faith and fair dealing, pursuant to which each party to each such agreement would

4890-6771-2080.2
- 9 -
COMPLAINT FOR DAMAGES

not act or omit to act in a manner that would deny the other party the benefit of the agreement as was its due.

49. By engaging in the Unfair Business Practices and other acts and omissions as noted above, each of the Defendants have violated and breached the implied covenant of good faith and fair dealing as these acts and omissions were as flagrant, egregious, and intentional as to go beyond the parameters of a simple breach of the agreements, and without any excuse.

50. As a direct, actual and proximate result of the Defendants' breach of the implied covenant of good faith and fair dealing, in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

(Open Book Account)

51. Plaintiff repeats, realleges and incorporates paragraphs 1 through 50 as though fully set herein.

52. Prior to the commencement of this action, Defendants became indebted to Plaintiff in the principal sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars)** as and for the balance due upon an open book account for wine products sold, furnished, and delivered to the Defendants at Defendants' special instance and request as reflected in the Purchase Orders and Invoices and payments for which were promised and agreed by Defendants to be made.

53. No part thereof has been paid and there is still due, owing and unpaid to Plaintiff from Defendants the principal sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars)** which was due between June 11, 2019 and the date of filing of this Complaint and continuing thereafter.

54. A demand for payment of was duly made on defendant Fox Beverages on December 27, 2022 and February 17, 2023. However, the sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars)** remains unpaid.

/ / /

## SEVENTH CLAIM FOR RELIEF

(Account Stated)

55. Plaintiff repeats, realleges and incorporates paragraphs 1 through 38 as though fully set herein.

56. Within June 11, 2019 and the date of the filing of this Complaint, there was an account stated by and between Plaintiff and defendants Fox Beverages and American Spirits, wherein and whereby the sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars**) was found to be due Plaintiff, which said sum Defendants agreed and promised to pay, and that no part of the same has been paid.

## EIGHTH CLAIM FOR RELIEF

**(Declaratory Relief)**

57. Plaintiff repeats, realleges and incorporates paragraphs 1 through 56 as though fully set herein.

58. A dispute exists and an actual controversy has arisen in that Defendants contend that they do not owe the full or part of the amounts of the invoices set forth in Exhibit As herein.

59. Plaintiff has no other adequate or speedy remedy at law to resolve this dispute concerning the payment of past-due invoices.

60. Plaintiff requests that this Court declare that Defendants owe the principal sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars)** which is increasing due to additional payments becoming due for additional purchase orders that Fox Beverages placed and Chateâu has already fulfilled or will fulfill in the near future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages, including, but not limited to:

      (a)    The principal sum of **590,114.00 Euros** (approximately **630,684 U.S. Dollars)** for past-due payments for Chateâu's wines;

      (b)    Pre-judgment interest for the past-due payments;

2. For an order for Claim and Delivery against Defendants in the manner described in this Complaint;

3. For declaratory relief including but not limited to the relief sought Plaintiff's seventh claim for relief;

4. For attorneys' fees and costs;

5. For costs of suit incurred by Plaintiff in this action; and

6. For such further and other relief as this Court deems just and proper under the circumstances.

Dated: March 20, 2023        ROPERS MAJESKI PC

By:  */s/ Tahereh Mahmoudian*
     FRANCOIS G. LAUGIER
     TAHEREH MAHMOUDIAN
     RICHARD A. SCHAEFER
     Attorneys for Plaintiff
     CHÂTEAU LA COSTE

- 12 -

**COMPLAINT FOR DAMAGES**